Michael D. O'Brien, OSB 95105
Theodore J. Piteo, OSB 090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
(503) 786-3800

Of Attorney's for MLK Alberta, LLC, Debtor-in-possession.

IN THE BANKRUPTCY COURT OF THE UNITED STATES

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>MLK Alberta, LLC<br><br>Debtor-in-possession. | Case No. 22-30019-thp11<br><br>APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR IN POSSESSION |

Pursuant to 11 USC §327 of the U.S. Bankruptcy Code ("the Code") MLK Alberta, LLC debtor-in-possession (hereafter "Debtor"), hereby applies to the Court for an order approving the employment of Michael D. O'Brien & Associates P.C. as its counsel. In support of this application, Debtor represents as follows:

1) Debtor is not sufficiently familiar with the rights and duties of the debtor in possession in this case to represent itself without the aid of competent legal counsel.

2) Debtor wishes to employ the law firm of Michael D. O'Brien & Associates P.C., Attorneys at Law, 12909 SW 68th Parkway, Suite 160, Portland, OR 97223, and particularly Theodore J. Piteo as the attorney of record.

3) Debtor desires that Michael D. O'Brien & Associates P.C. represent the Estate for all purposes related to the petition for relief including, among other things, formulating a plan of reorganization.

4) Debtor wishes to have Michael D. O'Brien & Associates P.C. compensated by the Estate for their attorney fees at its usual and customary hourly rates and reimburse its reasonable and necessary costs incurred in connection with this case.  Such compensation shall be subject to the approval of this Court and requests for compensation shall be in compliance with the Code and federal and local rules of bankruptcy procedure.  The names, initials, and current billing rates of the individuals, who are expected to perform work on this case are as follows and pursuant to the fee agreement I signed the respective hourly rates are subject to reasonable annual increases on or about January 1st of each year:

   a) Michael D. O'Brien, MDO, Partner           -      $430.00/hour
   b) Theodore J. Piteo, TJP, Partner             -      $350.00/hour
   c) Hugo Zollman, HZ, Senior Paralegal          -      $175.00/hour
   d) Lauren Gary, LNG, Paralegal                 -      $125.00/hour

5) MLK Alberta, LLC paid $15,000 to Michael D. O'Brien & Associates, P.C. in January 2022. From this amount the sum of $1,738.00 was paid to the USBC for a filing fee, and $2,011.00 was billed prepetition with the remaining funds, in the amount of $11,251.00 retained in the trust account and subject to ultimate court approval under 11 U.S.C. §329 and §330 or court ordered disgorgement.

6) To the best of the Debtor's knowledge, the partners and associates of Michael D. O'Brien & Associates P.C. do not have any connection with Debtor's creditors, any other party in

interest, or their respective attorneys or accountants except as stated in the Rule 2014 Verified Statement of Proposed Professional submitted with this application.

7) Debtor has signed a Retainer Agreement dated January 5, 2022, with Michael D. O'Brien & Associates P.C. that is attached to this Application and the Verified Statement filed herewith.

Dated this  6th  day of January 2022.

Respectfully Submitted By:

/s/ Meron Alemseghed for  
By: MLK Alberta, LLC  
Debtor-in-Possession

In re                                                           )
                                                                ) Case No. _____
                                                                )
                                                                ) RULE 2014 VERIFIED STATEMENT
Debtor(s)                                                       ) FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1114 (11/30/09)     Page 3 of 3

Case 22-30019-thp11    Doc 9    Filed 01/07/22

## MICHAEL D. O'BRIEN & ASSOCIATES, PC
## ATTORNEY RETAINER AGREEMENT & FEE SCHEDULE

***CLIENT DIRECTIONS:** Please read this in its entirety and call us with any questions or discuss this with your other attorney, financial or personal advisors. Once your questions have all been answered, please fill in the relevant information in Section 3, sign and date the bottom of page 5, and deliver this original form to our office.*

This Retainer Agreement and Fee Schedule is entered into between Michael D. O'Brien & Associates, PC (Firm) and MLK Alberta, LLC (Client) at 12909 SW 68th Parkway, Suite 160, Portland, OR 97223 for legal services by and between the Firm and the Client. This agreement constitutes a binding legal contract and should be reviewed carefully.

**1.    NATURE OF SERVICE TO BE RENDERED.**

The Client hereby retains the Firm to represent the Client as legal counsel in connection with the following matter:

*Analysis and preparation of chapter 11 filing and assistance with all Client's duties relevant thereto including preparation, filing and initial implementation of Plan. The Client directs Firm to communicate with the individual named below as the Authorized Agent who will sign all bankruptcy documents on behalf of the Client. Client acknowledges that Firm represents MLK Alberta, LLC only and not any individual owner, member, manager or advisor to Client.*

It is expressly understood that Client retains the Firm for the above-described representation only. This representation does not include or extend to any other representation, or appeal from any order or judgment, or any related proceeding before any other legal body, whether judicial, administrative, or legislative. Nor does Firm agree to representation for appeal or any other services which might be required following the entry of a final judgment or order. The Firm's representation shall terminate with the entry of an Order converting the chapter 11 case to a case under any other chapter of the Bankruptcy Code OR to an Order appointing a Trustee OR to an Order dismissing the case, unless extended by mutual agreement between us in writing. The Firm specifically has the Client's permission to file any necessary documents with the Court to withdraw from representing the Client in this matter upon the termination of this agreement.

**2.    PAYMENT FOR SERVICES.**

*In January 2022, Client paid Firm the sum of $15,000.00 to apply as a retainer for the filing of its Chapter 11 case. From these amounts, Firm will pay the filing fee to initiate this case to the United States Bankruptcy Court.*

*All work will be performed at the Firm's regular hourly rates as laid out below and detailed time records will be maintained. Immediately before filing a chapter 11 petition, Firm will transfer from its Trust Account to its Operations Account sufficient funds to pay the Firm in full for all pre-filing work it has performed. The payment for this work will be ultimately subject to court approval.*

*The Client agrees to pay the FIRM for all work performed and understands that in cases like these the exact fee cannot be predicted with a high level of certainty. Client acknowledges that the fees owed to Firm are an "administrative expense" of this case and must be paid, in Full, soon after the Chapter 11 Plan is confirmed by the Court and the fees are approved by the Judge. Firm may, in its sole discretion, agree to accept payment of such approved fees over time but in such instance will charge simple interest equal to 9% per annum to account for the delay in payment. Firm estimates that the final attorney fee to obtain plan confirmation of this case may be $50,000.00.*

The Client agrees to pay the Firm for legal services at the following rates, which are subject to increases on or around the 1st day of January of each year. Client agrees that rate increases of 5% do not require advance notice and are deemed reasonable but that rate increases above 5% do require advance notice to Client:

Attorneys

| | | |
|---|---|---|
| | **Michael O'Brien** | **$430.00 per hour** |
| | **Theodore J. Piteo** | **$350.00 per hour** |

Staff

| | | |
|---|---|---|
| | **Law Clerks** | **$160.00 per hour** |
| | **Senior Paralegal** | **$175.00 per hour** |
| | **Paralegal** | **$125.00 per hour** |
| | **Support Staff** | **$60.00 - $100.00 per hour** |

Any and all travel time will be billed at one-half of the above rate even if such travel time is within the city to the client's place of business or to Court.

The Firm will track its time spent working on the Client's matter and will bill for actual time spent on each task subject to a minimum time increment of one-tenth of one hour. Thus, reviewing a client email or phone message will be billed at .1/hour and responding to a client email or phone message will be billed at .1/hour.

The Firm will charge Client for the following services: consultations and telephone calls with Client; consultations and telephone calls with witnesses, other lawyers, or any other person associated with Client's case; legal research; drafting and preparing legal documents; drafting and preparing letters; depositions; trial preparation; travel time; investigation; court appearances; and all other necessary services.

Client agrees to pay all costs incurred by the Firm, including but not limited to filing fees, service fees, court reporter fees for depositions and hearings, trial court fees, photocopying costs at the rate of $0.15 per page, long-distance telephone calls, postage, witness fees, mileage fees, and other necessary court and office costs. If traveling outside the Portland Metropolitan Area is required, then the Client agrees to pay all travel expenses, including mileage, hotel, and per diem at the Federal Per Diem rate then in existence for the destination city. The Client understands that the Client is responsible for all fees charged by other professionals for work on the Client's case. The Client will pay those fees as agreed, and the Firm is not liable as the Client's agent.

The Firm may seek leave to withdraw as Client's counsel at any time if Client fails to meet the financial agreements set forth in this document. The Firm also may seek leave to withdraw as Client's counsel if Client fails to cooperate with the Firm on Client's case, is dishonest with the Firm or as otherwise permitted by the Oregon State Bar Rules of Professional Conduct. If a motion for leave to withdraw is necessary, written notice of the motion will be sent to Client's last-known mailing address.

The Client agrees to fully cooperate with the Firm and others working on the case. The Client will keep the Firm advised of all matters which may have a bearing on the case, be truthful with the Firm at all times, follow through with all agreements made with the Firm, keep appointments, give depositions, produce documents, respond promptly to the Firm's letters, appear for scheduled court appearances, **and keep the Firm informed of any change of address or telephone number** within five days of the change. If the Client fails to appear at any given court hearing or trial, the Client authorizes the Firm to exercise discretion and proceed in whatever manner the Firm sees fit, to include any future obligations to appear in court for other court proceeding.

The Client authorizes and directs the Firm to take all actions that the attorney deems advisable on the Client's behalf. The Firm agrees to notify the Client promptly of all significant developments and to consult with the Client in advance as to any significant decision attendant to those developments and will also keep the Client advised of any court appearances that may ensue.

The Firm agrees to provide conscientious, competent, and diligent services, and will seek to achieve a resolution of the matter that is just and reasonable for Client. However, the Firm cannot and does not guarantee a result or final outcome of any case and the Firm has made no representation and makes no guarantee regarding the final result or outcome of this case.

3.  **AUTHORIZED AGENT AND CONTACT WITH THE CLIENT.**

Every reasonable effort will be made to keep the Client informed on the status of the case. It is the policy of the Firm to return phone calls and written correspondence within 48 hours, and to return emails within 24 hours during normal workweeks. Calls and emails made to the Firm on weekends or holidays will be returned by the Firm within 72 hours upon return to the office.

Client names the following individual as Authorized Agent who will sign all bankruptcy related documents and will be the individual decision maker regarding this case and authorizes Firm to communicate with this individual via phone, text and/or e-mail:

| Meron Alemseghed | (503) 933-7769 | meron.alemseghed@gmail.com |
|---|---|---|
| Authorized Agent | Contact Phone | Contact E-mail |

The firm will use email to communicate with the Client as the preferred form of communication and we ask Client to use email communication as much as possible. If you do not wish the firm to communicate with you through email, please place your initials in the space provided and we will communicate with you through phone and regular mail only. If you would like the Firm to communicate with you via email, please initial below and provide one authorized email address.

_____ Please do not use email to communicate with me. I understand the Fee for services rendered by the Firm may be substantially higher if you require written correspondence only.

4.  **THE CLIENT'S RIGHT TO CANCEL AGREEMENT AT ANY TIME.**

The Client may discharge the Firm for any cause on telephone notice followed by written notice either from Client or a new attorney who Client chooses to hire. Client may secure additional copies of Client's file at any time on payment to the Firm of any balance owing on all fees and costs, including the costs of photocopying Client's file. Photocopying charges are at a rate of .15 per page. Upon discharge, Firm will seek court approval and payment for all services it has rendered to Client.

5.  **RECORD RETENTION.**

Unless other arrangements are made, it is the policy of the Firm to scan all physical files after a case is closed and to maintain such scanned records for a minimum period of five years after closing of the case by the attorney. It is incumbent upon you, the Client, to maintain your copy of the file or to request a copy of the file prior to the expiration of five years. This is your only notice of the Firm's record retention policy and, after expiration of five years, you will not be notified in advance of record destruction.

6.  **CLOSING.**

Time is of the essence in this Agreement. Any modification of this Agreement will be binding only if made in writing and signed by both parties.

The Client acknowledges that he/she is free to review this Agreement with another attorney before signing it, and that the Client did not sign this Agreement without first being afforded the opportunity to seek independent legal advice.

**THE CLIENT HAS READ THIS AGREEMENT CONSISTING OF FIVE PAGES. THE CLIENT HAS RECEIVED A COPY OF IT AND AGREES TO THE TERMS AND CONDITIONS AS STATED. THERE ARE NO VERBAL AGREEMENTS BETWEEN CLIENT AND THE FIRM MODIFYING OR EXPANDING THE TERMS OF THIS AGREEMENT.**

*Meron Alemseghed*            Jan 6, 2022
Meron Alemseghed (Jan 6, 2022 15:26 PST)

Client, by its Authorized Agent named above     Date

In re   MLK Alberta, LLC

Case No. 22-30019-thp11

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2022, I served the foregoing "**Application for Employment of Attorneys for Debtor in Possession**" on the following parties by mailing to each at the address below in a sealed envelope, with postage prepaid, and deposited in the United States Post Office:

**See Attached Creditor Mailing Label List**

I further certify that the following person(s) will be served electronically via ECF when the foregoing document is filed with the court:

THEODORE J PITEO on behalf of Debtor
ted@pdxlegal.com, enc@pdxlegal.com;jackie@pdxlegal.com;lauren@pdxlegal.com

US Trustee, Portland
USTPRegion18.PL.ECF@usdoj.gov


 /s/Jackie Zielke_____
Paralegal to:
Michael D. O'Brien & Associates, P.C.
Of Attorneys for Debtor in Possession

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0979-3<br>Case 22-30019-thp11<br>District of Oregon<br>Portland<br>Fri Jan  7 10:30:01 PST 2022 | Dept of Justice<br>Division of Child Support<br>Attn:  Bankruptcy Unit<br>POB 14670<br>Salem, OR 97309-5013 | IRS<br>IRS<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| MLK Alberta, LLC<br>6931 NE MLK Blvd<br>Portland, OR 97211-2921 | ODR Bkcy<br>955 Center NE #353<br>Salem, OR 97301-2555 | Oregon Attorney General<br>Department of Justice<br>1162 Court St NE<br>Salem, OR 97301-4096 |
| US Attorney<br>1000 SW 3rd Ave #600<br>Portland, OR 97204-2936 | US Attorney<br>US Attorney<br>1000 SW 3rd Ave #600<br>Portland, OR 97204-2936 | US Attorney General<br>Department of Justice<br>10th & Constitution NW<br>Washington, DC 20530-0001 |
| 1050 SW 6th Ave. #700<br>Portland, OR 97204-1160 | (p)CITY OF PORTLAND<br>OFFICE OF CITY ATTORNEY<br>RM 430<br>1221 SW 4TH AVE<br>PORTLAND OR 97204-1991 | Citycraft Development, LLC<br>6716 N Borthwick<br>Portland, OR 97217-1687 |
| Ellen F. Rosenblum,  Attorney General<br>100 Justice Building<br>1162 Court St. NE<br>Salem, OR 97301-4095 | Geza Development, LLC<br>6931 NE MLK Blvd<br>Portland, OR 97211-2921 | Internal Revenue Service<br>Bankruptcy Notices<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Internal Revenue Service<br>C/O Billy J. Williams, US Attorney<br>Attn: Civil Process Clerk<br>1000 SW 3rd Ave., Suite 600<br>Portland, OR 97204-2936 | Lucera Apartments, LLC<br>6931 NE MLK Blvd<br>Portland, OR 97211-2921 | Meron Alemseghed<br>6931 NE MLK Blvd<br>Portland, OR 97211-2921 |
| Multnomah County -DART<br>Bankruptcy Department<br>POB 2716<br>Portland, OR 97208-2716 | Multnomah County Attorney<br>Suite 500<br>501 SE Hawthorne Blvd<br>Portland, OR 97214-3501 | Oregon Department Of Revenue<br>Bankruptcy Notice Dept.<br>955 Center Street,  NE<br>Salem, OR 97301-2555 |
| Parkview Financial Fund GP, Inc.<br>c/o its Registerd Agent Paul Rahimian<br>11601 Wilshire Blvd<br>Suite 2100<br>Los Angeles, CA 90025-1784 | Parkview Financial REIT, LP<br>11601 Wilshire Blvd<br>Suite 2100<br>Los Angeles, CA 90025-1784 | Schwabe, Williamson & Wyatt<br>c/o Atty Craig Russillo<br>1211 SW 5th Ave Ste. 1900<br>Portland, OR 97204-3719 |
| US Trustee, Portland<br>1220 SW 3rd Ave., Rm. 315<br>Portland, OR 97204-2829 | Vanden Bos & Chapman, LLP<br>319 SW Washington Street, Suite 520<br>Portland, OR 97204-2690 | THEODORE J PITEO<br>Michael D. O'Brien & Associates<br>12909 SW 68th Pkwy<br>Suite 160<br>Portland, OR 97223-8399 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

City Of Portland
Office Of City Attorney
1221 SW Fourth Avenue, Room 430
Portland, OR 97204

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)ODR Bkcy
955 Center NE #353
Salem, OR 97301-2555

(d)US Attorney General
Department of Justice
10th & Constitution NW
Washington, DC 20530-0001

(u)Charlene Hiss

(u)SMGNine Placeholder
, OR

End of Label Matrix
Mailable recipients    26
Bypassed recipients     4
Total                  30